UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                         CASE NO. 8:04-CR-474-T-30EAJ

EUSEBIO HINESTROZA-HINESTROZA,

    Defendant.
_____/

## **O R D E R**

BEFORE THE COURT is Defendant's letter Motion (Dkt. #163) in which Defendant requests that his judgment be reviewed in light of *U.S. v. Bellaizac-Hurtado*., 700 F. 3d 1245 (11th Cir. Nov. 6, 2012). The Court notes that Defendant pled guilty pursuant to a plea agreement (Dkt. #61) to possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States.

In *Bellaizac-Hurtado*, the Eleventh Circuit held that Congress exceeded its power when it proscribed the defendants' drug trafficking activities which occurred solely in the territorial waters of Panama. Had the conduct occurred in international waters, jurisdiction of the United States would have existed as long as the requirements of the Maritime Drug Enforcement Act were met. *See U.S. v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002); *U.S. v. Estupinan*, 453 F.3d 1336 (11th Cir. 2006).

In his plea agreement, Defendant admitted that he was a crew member aboard a vessel carrying cocaine while "in international waters. . . ." (Dkt. #61 at p. 15). And at the change of plea hearing, Defendant admitted he was on board a vessel in international waters when he was detained (Dkt. #147 at pp. 26-28). Therefore, *Bellaizac-Hurtado* is not applicable and affords Defendant no relief.

**ACCORDINGLY**, the Court **ORDERS** that Defendant's letter Motion for review of his case (Dkt. #163) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on September 17, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
*Pro se* Defendant
Counsel of Record

F:\Docs\2004\04-cr-474 Hinestroza Order.wpd